UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KATHERINE P. | § § § § | |
| Plaintiff, | | |
| v. | § § § | C.A. NO.: _____ |
| HUMANA HEALTH PLAN OF TEXAS, INC., | § § § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

KATHERINE P., Plaintiff, files this Original Complaint asserting causes of action in law and equity for relief against Defendant, Humana Health Plan of Texas, Inc.

## I.

## PARTIES

1. Plaintiff, Katherine P., is a resident in Austin, Texas. She brings this action under the pseudonym, "Katherine P.", due to the highly sensitive nature of her mental illness and the extremely personal allegations disclosed in her treatment.

2. Defendant, Humana Health Plan of Texas, Inc. ("Humana"), is an employee welfare benefits plan doing business in Texas. It may be served by process by serving its registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218, or wherever it may be found.

## II.

## JURISDICTION AND VENUE

1

3. This action against Humana arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

4. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because Defendant maintains business activities in and may be found in this district.

5. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20024 by certified mail return receipt requested.

## III.

## STATEMENT OF FACTS

6. Katherine P. is currently 23 years old. At all times relevant in this matter, she was a covered beneficiary under the plan. The Plaintiff is identified by Policy Number 712332 and Member Id. Number 013020308-05.

7. On May 31, 2012, Plaintiff was admitted to partial hospitalization program level of care at Oliver Pyatt Centers ("Oliver Pyatt") in Miami, Florida, with diagnoses of Eating Disorder Not Otherwise Specified, Bipolar Disorder with long periods of major depression, Attention Deficit Hyperactivity Disorder, Anxiety Disorder, Post Traumatic Stress Disorder ("PTSD"), acid reflux, blood in vomit, orthostatic, tachycardia, history of chest pains, dehydration and with a Global assessment of Functioning ("GAF") of 35.

8. Upon admission, Plaintiff reported restricting her intake to less than 600 calories a day, purging approximately twice a week, using laxatives 4 times a day, and excessively exercising. Her eating disorder and other related illnesses had become "unmanageable" and she was miserable and unable to engage in school

work, work, or effectively engage in other aspects of her life. Due to her illness, Plaintiff was forced to take a leave of absence from her studies at the University of Texas.

9. Plaintiff also presented with an underdeveloped sense of self and with numerous trauma symptoms, including intrusive memories and flashbacks of past sexual abuse, avoidance, emotional numbing, and overwhelming shame and guilt around that history of sexual abuse.

10. Humana certified Plaintiff's partial hospitalization program level of care for only 12 days, from May 31, 2012 through June 11, 2012, as medically necessary.

11. At the time of this denial, Plaintiff had urges to purge her intake at meals and required constant supervision both during and after her meals to prevent her from purging in the bathroom. She had no support at home or from her parents. She was also suffering from dissociation stemming from her traumatic and abusive past and was just learning the skills to cope with the flashbacks and nightmares. Plaintiff's blood glucose was dangerously low and her hypoglycemia was causing dizziness and headaches. Plaintiff was still experiencing urges to over-exercise.

12. On June 11, 2012, Humana seemingly conducted a peer to peer review. According to its claim file and the "contact log" included, its reviewing doctor, Michael Neboisa Bojkovic, M.D., was required to make a "minimum of 3 attempts" to contact Plaintiff's treating therapist. Log notes indicate that on June 11, 2012, Dr. Bojkovic attempted three calls to Plaintiff's therapist, after hours, at 5:29:57 p.m., 6:19:29 p.m. and 6:27:33 p.m., leaving a message and requesting a return call. By 6:48 p.m., Dr. Bojkovic noted, "despite attempts to reach the AP/Designee, no one called back", wherein he upheld the denial of continued treatment at the partial hospitalization program level of care.

13. Plaintiff remained in treatment until her discharge on August 28, 2012.

14. Plaintiff is obligated to pay all amounts due and owing to Oliver Pyatt.

15. On April 5, 2013, Plaintiff submitted a timely appeal to Humana, requesting it overturn its denial and pay for her partial hospitalization program level of care from June 12, 2013 through discharge of August 28, 2013.

16. On April 30, 2013, Humana denied Plaintiff's appeal, indicating that it would not approve payment because "the member has no problems with their eating habits and had a stable mental status examination with a good support system".

17. With the denial of her appeal, Plaintiff exhausted all her administrative remedies with Humana and required under ERISA.

## IV.

## CLAIM FOR DENIAL OF BENEFITS

18. Humana wrongfully denied Plaintiff's claims for medical benefits when Humana knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

19. Humana failed to provide prompt and reasonable explanations of the bases relied on under the terms of the plan documents, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits.

20. Humana failed to properly and adequately investigate the merits of Plaintiff's medical claims and failed to provide her with a full and fair review pursuant to 29 C.F.R.§2560.501-1 (h)(3)(iii) by failing to consult with health care professionals with appropriate training and experience in the field of medicine involved in the medical judgment.

21. Instead, Humana's medical reviewers failed to thoroughly and independently evaluate both Plaintiff and her medical records before issuing their denials of Plaintiff's claim and her appeal, and failed to make reasonable efforts to contact

       Plaintiff's treating therapist or doctor in violation of both Humana's policies and procedures and 29 C.F.R.§2560.501-1 (h)(1).

22. Plaintiff believes that Humana wrongfully denied her claims for medical benefits by other acts or omissions of which she is presently unaware, but which may be discovered in this future litigation and which she will immediately make Humana aware of once said acts or omissions are discovered by her.

23. As a proximate result of the denial of medical benefits due to Plaintiff, she has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

24. The wrongful conduct of Humana has created uncertainty where none should exist. Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## V.

## CLAIM FOR EQUITABLE RELIEF

25. As a direct and proximate result of Humana's failure to pay Plaintiff's claim for medical benefits, and the resulting injuries and damages sustained by her as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant her the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a)    Restitution of all past benefits due to her, and prejudgment and postjudgment interest at the lawful rate;

    (b)    A mandatory injunction requiring Humana to immediately qualify Plaintiff for medical benefits due and owing under the Plan;

    (c)    A determination that overturns Humana's previous denial of benefits for dates of service June 12, 2013 through August 28, 2013;

(d)     Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a participant under the Plan.

## VI.

## **CLAIM FOR PENALTIES UNDER 29 U.S.C. §1132(c)**

26. Pursuant to 29 U.S.C. §1132(c) and the Plan, Plaintiff seeks an award of penalties of up to $110.00 per day for the fiduciary's failure to supply her with requested documents. Specifically, on July 30, 2012, Plaintiff requested a complete copy of the claim file and plan documents, along with other relevant documents from Humana. Humana never responded to this request.

27. On August 20, 2013, Plaintiff requested "all documents relevant to Katherine's appeal including, 'benefit provisions, guidelines, protocol or other similar criterion on which your decision was based,'" pursuant to 29 C.F.R. §2560.503-1(h)(2)(iii) and (3). In response, Humana provided Plaintiff with the medical coverage policy for ADHD. Omitted from the records were the Plan, guidelines and criteria related to Plaintiff's diagnoses, Home Office communications related to its claims determination, statements of policy or guidance with respect to the Plan concerning the denied benefits, and, among other things, internal memoranda or other similar documents generated in the course of making its benefit determination.

28. Humana's failure to provide these documents subjects it to liability for statutory penalties of up to $110.00 per day in accordance with 29 U.S.C. §1132(c).

## VII.

## **STANDARD OF REVIEW**

29. Plaintiff is entitled to *de novo* review of all issues regarding the interpretation of the Plan and the policy. Plaintiff is also entitled to *de novo* review of Humana's factual conclusions made in its wrongful denial of her claim.

30. Alternatively, if Humana has been afforded discretionary authority in the Plan or the policy, that discretionary authority is not allowed in insurance policies offered, issued, renewed, or delivered in Texas after February 1, 2011.  28 Tex. Admin. Code §3.1201(c).  Any discretionary clause in the Humana insurance policy is invalid and Humana's decision should be reviewed *de novo*.

## VIII.

## CLAIM FOR ATTORNEYS FEES & COSTS

31. Plaintiff seeks an award of her reasonable attorneys' fees incurred and to be incurred in the prosecution of this claim for benefits.  Plaintiff is entitled to recover those fees together with her costs of court pursuant to 29 U.S.C. §1132(g).

## VIII.

## PRAYER

32. Katherine P. respectfully prays that upon trial of this matter or other final disposition, this Court find in her favor and against Defendant Humana and issue judgment against such defendant as follows:

    a.  That Humana pay to Plaintiff all benefits due and owing consistent with the terms of the Plan, as well as all interest due thereon and as allowed by law;

    b.  That Humana pay all reasonable attorneys' fees incurred and to be incurred in obtaining the relief sought herein along with the costs associated with the prosecution of this matter;

    c.  That a mandatory injunction be issued requiring Humana to immediately qualify Plaintiff for medical benefits due and owing under the Plan; and,

    d.  For all other such relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

By: _____
James C. Plummer, TBA #16075700
Fed. I.D. No. 3692
Amar Raval, TBA #24046682
S.D.I.D. No. 619209
PLUMMER & KUYKENDALL
4203 Montrose Boulevard, Suite 270
Houston, Texas 77006
(713) 522-2887
(713) 522-3605 (Fax)
Jplummer@plummerlawyers.com
Araval@plummerlawyers.com

ATTORNEY IN CHARGE

And

Lisa S. Kantor, Esq.
California SBN 110678
Kantor & Kantor, LLP
19839 Nordhoff St.
Northridge, CA 91324
(818) 886-2525

ATTORNEYS FOR PLAINTIFF